489 P.2d 1187

WESTERN STATES THRIFT & LOAN COMPANY, a Utah corporation, Plaintiff and Respondent,

v.

NEW UNIVERSE URANIUM & DEVELOPMENT COMPANY et al., Defendants and Appellant.

No. 12347.

Supreme Court of Utah.

Oct. 27, 1971.

Warren M. Weggeland, Adam M. Duncan, Salt Lake City, for defendants and appellant.

Robert E. Schoenhals, of Mark & Schoenhals, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

This matter involves an action on a $50,-000 note tried to the court. The appellant appeals from a judgment for plaintiff. Only two issues were in dispute at trial, viz.: (a) Was there a delivery of the note, and (b) was there any consideration for it? The only point raised in this appeal is a contention that the trial court erred in finding consideration for the note.

Appellant admits that the note being negotiable in form imports a consideration and that it has the burden of showing to the contrary. It claims that the proof showed a lack of consideration.

To establish the defense, it called the former president and the former secretary-treasurer of the maker corporation,[1] and they each testified that they knew nothing about the matter; that they had nothing to do with management and only showed up at the office a few nights a month and signed whatever documents were placed before them. They each testified that Verda Lynn was a real estate broker and had done work for the maker corporation.

The appellant also called one Virgil Redmond, who was the property manager of the maker corporation. He testified as follows:

Q. When you say "turned it over" what kind of transaction are you talking about now?

A. Well, to the best of my knowledge Mr. Halford [the acting manager of the maker corporation] and myself and Verda Lynn met and we have the property that is in question from Mr. Taylor [the president of the maker corporation] and I think the property that was adjacent to it, 2,000 acres adjacent to it, and we have some property in Phoenix called the Black Canyon Highway. That's how we refer to it, and I don't remember if that went into it or not. The Palomine Inn, we had some discrepancies on that, and we couldn't use that, so to the best of my knowledge, we used the Lake View Estates, which was called Lake View Estates One and Lake View Estates Two

---

1. Due to mergers and consolidations, etc., the appellant is now liable on the note if New Universe Uranium & Development Company, the maker, would be liable. The plaintiff is assignee of Verda Lynn, the named payee.

 

is the way we distinguished the difference in the properties, and they were turned over to Mr. Halford or New Universe Corporation. At that time he agreed to make out a Promissory Note for $100,000 to Utah Valley Land & Development, a $100,000 note to Demar Lynn Trust, I think it was, and $50,000 to Verda Lynn, and we were to work together on that.

Q. Now, what were you to give for these notes?

A. Well, we gave the property, is what we actually gave.

Q. Lakewood Estates?

A. Lake View Estates, yes.

\* \* \* \* \* \*

Q. Now, on the handling of this transaction where the three notes were issued, was Mrs. Lynn acting in the capacity as a broker or as an owner?

\* \* \* \* \* \*

THE WITNESS: I think that she would be an owner with me on the property, is the way I see it.

He also testified that Verda Lynn owned a motel in Heber City and it was possible that she also turned that property in on the deal.

Not only did the appellant fail to show lack of consideration, but it appears that his own proof showed both consideration for the note and delivery of it to the payee.

There was evidence to support the findings of the trial judge, and under the oft repeated principles of law we should affirm him.[2]

The judgment is affirmed. Costs are awarded to the respondent.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.

---

2. Lake v. Pinder, 13 Utah 2d 76, 368 P.2d 593 (1962); Horsley v. Robinson, 112 Utah 227, 186 P.2d 592 (1947).